UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INDIANA TRANSPORTATION MUSEUM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-02373-JMS-MPB |
| | ) | |
| HOOSIER HERITAGE PORT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On July 10, 2017, Plaintiff Indiana Transportation Museum, Inc. ("ITM") filed a Complaint against Defendant Hoosier Heritage Port Authority ("Hoosier Heritage"), [Filing No. 1], and a Petition for Temporary Restraining Order, [Filing No. 3], in the United States District Court for the Northern District of Indiana. The next day, ITM moved to transfer its own case to this district, arguing that "[v]enue is inconvenient for the Defendant in this district" and "is more convenient for the Defendant in the Southern District of Indiana, Indianapolis Division." [Filing No. 9.] ITM's Motion to Transfer was granted, and the Court received this case four days after it was initially filed. [Filing No. 10; Filing No. 11.]

In its brief in support of its Petition for Temporary Restraining Order, ITM states that Hoosier Heritage prohibited ITM from "operating the 2016 Fair Train, Polar Bear Express and historical, education and entertainment excursions in 2016 and 2017 and 2018." [Filing No. 4 at 2.] ITM argues that it will suffer imminent and irreparable injury if Hoosier Heritage is not restrained from prohibiting it from operating the 2017 State Fair Train at the Indiana State Fair from August 4, 2017 through August 20, 2017. [Filing No. 4 at 2.] It argues that there is no adequate remedy at law because "[l]egal relief cannot be obtained without filing multiple

1

lawsuits," that there is a substantial likelihood that ITM will prevail on the merits because ITM has been "substantial (sic) harmed and damaged and will continue to be so," and "[t]he public will not be entitled to historical and educational and entertainment excursion (sic)," and that the harm to ITM in the absence of a temporary restraining order outweighs the harm to Hoosier Heritage if a temporary restraining order is granted. [Filing No. 4 at 2-3.] Finally, ITM asks that the Court issue a temporary restraining order without notice to Hoosier Heritage because "ITM will suffer immediate and irreparable injury[,] financial loss, loss of goodwill, loss of exclusions, selection of operator and/or damage if the order is not granted before [Hoosier Heritage] can be heard and notice would be impractical or impossible there (sic) is no less drastic way to protect [ITM's] interest…." [Filing No. 4 at 3.]

Although ITM asks for a temporary restraining order and generally cites to Federal Rule of Civil Procedure 65(b), it completely ignores the standards and burdens that request entails. First of all, ITM requests that the Court issue a temporary restraining order without notice to Hoosier Heritage, but makes no effort to comply with the requirements that accompany such a request. Specifically, Federal Rule 65(b)(1) provides that the Court may only issue a temporary restraining order without notice if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Moreover, ITM's counsel must certify in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. Pro. 65(b)(1)(B). Although ITM's Complaint is verified and certified by John McNichols, Chairman/President of ITM, ITM's counsel has not certified in writing why the pending request for a temporary restraining order was filed *ex parte*. ITM's statement that the temporary restraining order should issue without notice so ITM has time to "prepare and operate its Fair Train on August 4, 2017" is not adequate to

2

support the *ex parte* issuance of a temporary restraining order. It appears from the Complaint that this lawsuit encompasses an ongoing dispute between ITM and Hoosier Heritage that dates back to at least one year ago. [*See* [Filing No. 1 at 5](#) (ITM alleging that Hoosier Heritage prohibited it from operating the Fair Train during the 2016 State Fair in August 2016).] Lack of time to give the other side notice is both disingenuous in this case and invalid. Further, ITM's argument that giving notice would be "impractical or impossible" and "there is no less drastic way to protect [ITM's] interests," [[Filing No. 4 at 3](#)], is not supported by the Verified Complaint. Thus, the Court concludes that Plaintiff has not met the requirements for it to issue a temporary restraining order without notice pursuant to Rule 65(b).

Additionally, ITM's Petition for Temporary Restraining Order is substantively deficient. The Court may grant a temporary restraining order if the movant: (1) has some likelihood of succeeding on the merits, (2) has no adequate remedy at law, and (3) will suffer irreparable harm if the order is denied. *See [Abbott Labs. v. Mead Johnson & Co.](#)*, 971 F.2d 6, 11 (7th Cir. 1992). If these three elements are met, the Court will consider any irreparable harm to the non-movant and balance it against the harm to the movant. *See [id.](#) at 12*. ITM does not set forth what specific claim it is asserting in its Complaint. While it alleges jurisdiction based on the 14th Amendment to the United States Constitution, 42 U.S.C. § 1983, 49 U.S.C. § 103, and 49 C.F.R. 1.89 the Complaint wholly fails to specify how those laws and regulation support its claim in this case. Without even setting forth its specific legal theories, the Court cannot determine whether ITM has any likelihood of success on the merits. Additionally, ITM states that it will suffer financial harm in the absence of a temporary restraining order, but this is precisely the type of harm for which there is an adequate remedy at law. *See, e.g.*, *[Wisconsin Central Ltd. v. Public Service Comm'n of Wisconsin](#)*, 95 F.3d 1359, 1369 (7th Cir. 1996) ("With the question being one of monetary

compensation, a plaintiff would be hard pressed to demonstrate either irreparable harm of an inadequate remedy at law").

Finally, the Court notes that ITM refers to its Petition for Temporary Restraining Order in its brief as its "Verified Petition for a Temporary Restraining Order and Preliminary Injunction Hearing." [Filing No. 4 at 1.] To the extent that ITM requests a preliminary injunction hearing in its Petition for a Temporary Restraining Order, the Court **DENIES** that request because ITM has not filed a Motion for Preliminary Injunction. The Petition for a Temporary Restraining Order does not request a preliminary injunction. And while the Complaint discusses and requests a preliminary injunction, ITM cannot move for a preliminary injunction within its Complaint, and must file a separate motion and supporting brief. Should ITM do so, the Court will request that the Magistrate Judge confer with the parties – if and when that time comes – to set an appropriate briefing schedule.

In sum, the Court **DENIES** ITM's Petition for Temporary Restraining Order, [Filing No. 3], because ITM has not complied with Rule 65(b)'s requirements for *ex parte* issuance of a temporary restraining order, and because ITM has not made an adequate showing under applicable law that a temporary restraining order is warranted.

Date: July 13, 2017

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**
Copy to U.S. Magistrate Brookman